# In the United States Court of Appeals for the District of Columbia Circuit

**IN RE: AMY MISCHLER,**
*Petitioner*

*ON PETITION FOR WRIT OF MANDAMUS TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA (CIVIL. NO. 20-01863-TSC)*

## PETITION FOR REHEARING EN BANC BY PETITIONER AMY MISCHLER

Amy Mischler
*1414 S. Parrott Ave #120*
*Okeechobee, FL 34974*
*863-801-1877*
*ajmischler@yahoo.com*

TABLE OF CONTENTS

PAGE

TABLE OF AUTHORITIES                                iii

INTRODUCTION AND RULE 35(b)(1) STATEMENT          1

BACKGROUND                                         2

KENTUCKY JUDICIAL RACKETEERING                 5

JUDGE JUSTIN WALKERS CONFLICT OF INTEREST AND ACTING ON HIS CONFLICT OF INTEREST TO PROTECT HIS KENTUCKY CO-CONSPIRATORS WICKER AND VAN TATENHOVE
                                                   6

REASONS FOR GRANTING REHEARING                   9

I.     JUDGE JUSTIN WALKER FAILED TO DISCLOSE CONFLICT OF INTEREST IN ORDER TO PROTECT HIS KENTUCKY CO-CONSPIRATORS                              9

II. WALKER CONFLICTED PANEL FAILED TO LIST REQUIRED FACTORS FOR SEALING DOCUMENT DUE TO BEING NO REASON TO SEAL DOCUMENT TO PROTECT WALKERS CO-CONSPIRATORS                                  9

III. WALKER CONFLICTED PANEL GAVE NO LEGAL SUPPORT THAT PETITIONER FAILED TO DEMONSTRATE CLEAR AND DEMONSTRABLE RIGHT TO HAVE HER PLEADINGS READ
                                                   10

IV. WALKER CONFLICTED PANEL FAILURE TO ADDRESS THE IRREGULAR ADMINISTRATION OF JUSTICE AT THE D.C. DISTRICT COURT                               11

CONCLUSION                                        14

PAGE

CERTIFICATE OF COMPLIANCE WITH TYPEFACE AND WORD-
COUNT LIMITATIONS                                               16

CERTIFICATE OF SERVICE                                          16

ADDENDUM                                                        16

Panel Opinion                                         Exhibit 1
Pro Se Appellant Brief                               Exhibit A
KY Public Business Record                            Exhibit B
    Judge Van Tatenhoves home address is redacted
Judge Justin Walker Answer                           Exhibit C
    Page 1 and 56
Nov. 18, 2020 FISC Opinion                           Exhibit D
    Page 42 and 43
Email sequence between FBI FOIA and Ms. Mischler     Exhibit E


CERTIFICATE AS TO PARTIES, RULINGS, AND
RELATED CASES                                                   17

## TABLE OF AUTHORITIES

PAGE

### CASES

EEOC v. Nat'l Childrens Ctr., Inc., 98 F 3d 1406, 1409    8
(D.C. Cir. 1996)

Osborn v. Griffin, 865 v. F.3d 417 (6th Cir. 2017)    7

Seattle Times Co. v. Rhinehart, 467 U.S. 20 (1984)    10

United States v. Fokker Servs., 818 F 3d 733, 747,    10
(D.C. Cir. 2016)
United States v. Hubbard, 650 F.2d 293 (D.C. Cir. 1980)    10

### STATUTE

14th Amendment US CONSTITUTION    11

28 U.S. § 455    9, 14

## INTRODUCTION AND RULE 35(b)(1) STATEMENT

The Panel, having a judicial officer with undisclosed but obvious conflict of interest, Judge Justin Walker denied in a knee jerk one page order captioned "September Term, 2020" denied a writ of mandamus without addressing 1) Walker's conflict of interest, 2) failure to provide what other relief is available when District Court Judges are deciding orders based on a docket sheet instead of actually reading pleadings, 3) failure to provide required legal analysis why Exhibit H-original should remained protecting Judge Justin Walkers co-conspirators Kent Wicker and Eva Christine Trout Van Tatenhove.

However, the most compelling reason this matter should be heard En Banc is not Judge Justin Walker's involvement in covering up a Kentucky Judicial Bribery Scheme, but the recently release FISA Court opinion by Judge Boasberg, where he admits a similarly situated crime victim to the Petitioner was subject to an illegal backdoor FISA search by the F.B.I. The Petitioner is confident that she was this crime victim, hence Judge Boasberg had an additional conflict of interest of dismissing her action prematurely to hide the failure of the FISA Court to hold the Department of Justice

Accountable for knowing Fourth Amendment Violation of the Petitioners privacy.

## BACKGROUND

1. <u>July 22, 2002</u>: KY Attorney Jonah Stevens filed a domestic violence action the petitioner claiming IN THE FUTURE on August 5, 2002 that the Petitioner was going to commit specific acts of violence against him.[1] KY did not require him to swear to his statement though required in the document because it was obviously a false statement. He filed against the Petitioner after she first filed against him for spitting in her face and acting strangely.[2]

2. <u>August 7, 2002</u>: KY State Judge Julie Paxton dismissed domestic violence actions 02-D-00202-001 & 02-D-00202-002.[3]

---

[1] How Kentucky became so lawless is that federal agencies such as DOJ and HHS ACF turn a blind eye to Kentucky misappropriating and abusing federal funding out of deference to Senator Mitch McConnell and Representative Hal Rogers (when Representative Rogers was longtime chair of the House Appropriations Committee). Here, DOJ subsidiaries the Eastern District of Kentucky Attorneys office and the FBI stationed in Kentucky knew and documented Kentucky violating civil rights using federal domestic violence funding but took no action to stop it.

[2] See Exhibit A, which will be Exhibit 10 within Exhibit A.

[3] See Exhibit A, which will be Exhibit 11 within Exhibit A.

3. Kentucky law does not allow child custody to be changed in a dismissed domestic violence action.

4. Kentucky law holds that unless an appeal is filed, a case becomes finalized in thirty days and the trial court loses subject matter jurisdiction.

5. September 6, 2002: the cases listed in paragraph 2 finalized with the trial court losing subject matter jurisdiction and all legal authority.

6. September 23, 2002: Judge Julie Paxton illegally changed child custody in the dismissed without subject matter jurisdiction cases listed in paragraph 2. Paxton gave custody to an unnamed woman who had no standing or legal right to have child custody. Paxton knew this order was illegal as did attorney Jonah Lee Stevens, the beneficiary of the criminal act.[4]

7. The F.B.I. was noticed and pulled Ms. Mischler's cases in 2006 but couldn't do anything more because the U.S. Attorney in the Eastern District

---

[4] Stevens was blackmailing Judge Paxton's close political associate Greg Stumbo over Kentucky School Board Insurance Trust (KSBIT) whose trustees, Stites & Harbison were two future Kentucky Governors who allowed KSBIT to be defrauded where the Floyd County Schools had let their KSBIT insurance policy lapse. The fraud grew so great that the entire KSBIT went into default having to be disbanded and innocent school boards having to pay extra into the self-insurance entity to cover the costs of closing due to the fraud of other school boards. Neither state or federal criminal agencies have held any party responsibility for the default of KSBIT or the insurance fraud. Kentucky has no statute of limitations on felonies being prosecuted.

of Kentucky refused to prosecute any of the state judicial officers despite a multicounty investigation in Eastern Kentucky about Family Court judicial corruption.

8. Both the State/Federal Courts refused to acknowledge the fraud in child custody outlined in paragraphs 1 through 6. ***Ms. Mischler suffered retaliatory persecution*** with a 1) false state arrest that ended in a no true bill before the grand jury, 2) domestic violence conviction for marching in public with a sign that was later vacated with an order stating attorney Jonah Stevens failed to articulate domestic violence in his petition, 3)defamation by Kentucky Child Protective Service agency multiple times falsifying its records and  placing Ms. Mischler without due process notice on its internal child abuser database without ever charging her with a crime or dependency, 4) F.B.I. harassing Ms. Mischler at her Florida home July 3, 2018 on an impossible allegation, and 5) F.B.I. accessing FISA on Ms. Mischler, the victim of public corruption as outlined by Judge Boasberg.[5]

---

[5] Ms. Mischler has an overdue FOIA with the Department of Justice filed in 2019 to obtain all her records including 302's from the July 3, 2018 harassment at her home.  When she read the recently released FISA order by Judge Boasberg she recognized herself where F.B.I. ran FISA Section 702's queries on a victim "relating to public corruption and bribery"; which also made the most logical sense of the irregular administration of justice where

9. Racketeering entities have embedded themselves in both the Kentucky State and Federal judicial/prosecutorial systems

10. Judge Justin Walker was embedded in the Racketeering in the Kentucky Federal Judicial system, and whose nomination was championed by Senator McConnell to embed the KY RICO into the D.C. Circuit.

## KENTUCKY JUDICIAL RACKETEERING

11. The first prong of the Kentucky Judicial Racketeering is that former Chief Judge Karen Caldwell EDKY writes the local rules to ensure assignment of Judge Van Tatenhove to the most important cases in Kentucky Eastern District; Frankfort Division. He was assigned 100% of cases assuring the scheme appeared neutral.[6]

12. In criminal cases, the defendants would hire attorney Kent Wicker the business partner of Judge Van Tatenhove's paramour/wife.[7] See Exhibit B The confidential attorney fees ensured that Judge Van Tatenhove's

---

Judge Boasberg dismissed her case and granted an in forma pauperis motion she never filed because Judge Boasberg was aware of the FISA violation of Ms. Mischler's rights and was potentially avoiding discovery by her.

[6] Judge Caldwell is Senator Mitch McConell's former girlfriend.

[7] When Ms. Mischler posted on social media about the Judge Van Tatenhove/Christy Trout judicial bribery scheme; the two got married so that Trout would not be required to testify against Judge Van Tatenhove.

percentage of the bribery would be deposited in ITW Capital Management LLC, the financial business ran literally out of Judge Van Tatenhove's home. The bribery fee was to ensure a lighter criminal sentence from Judge Van Tatenhove who was known to favor the Eastern District of Kentucky Federal Prosecutors office, of whom Van Tatenhove was a former U.S. Attorney. See Exhibit B.

13. In some civil cases, Judge Van Tatenhove would fail to disclose his conflict of interest with his paramour/wife actually employed by the opposing litigant, Governor Matt Bevin.[8] Governor Bevin won 100% of the time in those cases in front of Judge Van Tatenhove until Ms. Mischler went public on social media about the undisclosed conflicts of interests. See Exhibit A.

14. In other civil cases, in the entire Eastern District of Kentucky Federal Courts; Kent Wicker files a case. Then if he feels he needs to encourage the assigned judicial officer to be in his favor; Christy Trout Van

---

[8] Christy Trout is listed as full time employment with Governor Matt Bevin while at the same time running a private full time law office, while also managing a financial business out of the Judges home, while also spending substantial time outside of Kentucky accompanying Ambassador Kelly Craft in Canada, New York and the District of Columbia.

Tatenhove, though employed full time with the state makes an entry of appearance in the action as co counsel.

15. The Federal Sixth Circuit Court of Appeals no longer enforces the recusal rules against district judges. In addition to the Sixth Circuit refusing to even acknowledge Judge Van Tatenhoves conflict of interest in Ms. Mischler's cases; Sixth Circuit refused to require Judge William O. Bertelsman to recuse after the opposing law firm hired Judge Bertelsman grandson to gain favor with Judge Bertelsman with both the Judge and the opposing counsel withholding knowledge of the conflict of interest. [9]

**JUDGE JUSTIN WALKERS CONFLICT OF INTEREST AND ACTING ON HIS CONFLICT OF INTEREST TO PROTECT HIS KENTUCKY CO-CONSPIRATORS WICKER AND VAN TATENHOVE**

16. As a former law clerk of Justice Anthony Kennedy; Judge Walker withheld his substantial involvement in planning, editing, and drafting the brief on appeal in Osborn v. Griffin, 865 v. F.3d 417 (6th Cir. 2017), worth $584 million from the Osborn official record.[10] See Exhibit C The reason Judge

---

[9] http://www.nkytribune.com/wp-content/uploads/2017/04/04-06-17-Doc.-202-NKUs-Motion-to-Recuse-and-to-Stay-Proceedings.pdf
Apparently it is commonly known in Kentucky to gain favor with a Kentucky Federal judge; hire one of the judges relatives.
[10] Osborn v. Griffin was presided over by Judge William Bertlesman. This is the same judge who thought it was appropriate to withhold knowledge that

Justin Walkers name is not listed on the brief, as he admits in his Congressional Judicial Questionnaire; if the case went to the Supreme Court; he could have ex parte communications with Justice Kennedy without the Justices or anyone else knowing his, Justin Walker's substantial involvement in the case. This is identical to Judge Van Tatenhove withholding that his lover was working for Governor Matt Bevin.

17. The names that Judge Justin Walker the panel were protecting in Exhibit H-(Original petition) are Eva Christine Trout Van Tatenhove and Kent Wicker. This is the same Eva Christine Trout Van Tatenhove and Kent Wicker that were Judge Justin Walker's co-counsel where he unethically withheld his involvement from the record. See Exhibit C.

---

the opposing counsel had hired his, the judges grandson as stated in paragraph 15.

## REASONS FOR GRANTING REHEARING

**I.   JUDGE JUSTIN WALKER FAILED TO DISCLOSE CONFLICT OF INTEREST IN ORDER TO PROTECT HIS KENTUCKY CO-CONSPIRATORS.**

Congress was clear enacting 28 U.S. § 455, that Judge Justin Walker *"shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned"*. 28 USC 455(a).

Further, 28 U.S. § 455 (b)(1) requires Judge Justin Walker *"shall also disqualify"* himself due to Judge Walker's *"personal bias or prejudice concerning"* Kent Wicker and Christy Trout Van Tatenhove *"concerning the proceeding"*. See Exhibits B, C, and A.

Here, it is indisputable that by Judge Walkers own admission on his Congressional Questionnaire that he was a co-conspirator in the Kentucky Judicial Bribery Scheme and was required to recuse from the panel from the initial assignment.  See Exhibit B, C, and A.

**II.   WALKER CONFLICTED PANEL FAILED TO LIST REQUIRED FACTORS FOR SEALING DOCUMENT DUE TO BEING NO REASON TO SEAL DOCUMENT.**

The Walker conflicted Panel cites to <u>EEOC v. Nat'l Childrens Ctr., Inc.</u>, 98 F 3d 1406, 1409 (D.C. Cir. 1996) as controlling in the denial order. However, that case, <u>EEOC</u> holds that the Walker Conflicted panel is required

*"to articulate its reasons for sealing the record in light of the six factors delineated in United States v. Hubbard, 650 F.2d 293 (D.C. Cir. 1980) and to consider whether good cause existed for issuance of a protection order as explained in Seattle Times Co. v. Rhinehart, 467 U.S. 20 (1984)"*. Id.

The Walker Conflicted Panel failed to cite any factor in sealing Exhibit H thus is in noncompliance with its own citation. Thus, the bias of the Walker Conflicted Panel is evidenced by failing to follow its own cited case.

**III. WALKER CONFLICTED PANEL GAVE NO LEGAL SUPPORT THAT PETITIONER FAILED TO DEMONSTRATE CLEAR AND DEMONSTRABLE RIGHT TO HAVE HER PLEADINGS READ.**

It is unambiguous that the District Court failed to read two pleadings at the district level. The greater issue is Judge Boasberg granting an in forma pauperis motion THAT WAS NEVER FILED. The Walker conflicted panel gave no legal argument to support its position except for summarily citing to United States v. Fokker Servs., 818 F 3d 733, 747, (D.C. Cir. 2016).

The somewhat wordy Fokker holding states as best, that a *"clear legal error"* does not rise to a *"check on"* *"unsurpation of judicial power"*. Id. However, the factual basis of Fokker with the District Court second guessing the prosecution **are not the facts herein**. Here, the judicial officers (or their

law clerks) failed to read the pleadings (Due Process and Equal Protection Violation) and issued orders that are a clear legal error.

Thus in D.C. District, **facially** pro se litigants are treated identically to litigants represented by legal counsel **but in reality** if judicial officers are not reading pleadings but only a docket sheet which can be falsified- then by judicial practice **pro se litigants are relegated to second class citizen status** in the courts in violation of the Fourteenth Amendment of the U.S. Constitution.

Thus, if the D.C. Circuit is going to ratify the D.C. District judicial failure to read pleadings; at least the En Banc Panel can explain why the D.C. District is not required to actually read pleadings and how that is not a constitutional violation.

## IV. WALKER CONFLICTED PANEL FAILURE TO ADDRESS THE IRREGULAR ADMINISTRATION OF JUSTICE AT THE D.C. DISTRICT COURT.

> *"The FISA Court recounts government acknowledgment that at least 40 FBI searches through the NSA's warrantlessly collected data involved "health care fraud, transnational organized crime, violent gangs" and "public corruption and bribery."*
>
> *On at least one occasion, around May 2020, an FBI analyst looked through the foreign NSA troves "to vet [a] potential source in [a] predicated criminal investigation relating to public corruption." Seven FBI field offices were implicated in "these and a number of*

*similar violations," according to a November 18, 2020 FISA Court opinion declassified on Monday and signed by Boasberg.*"[11]

Ms. Mischler, the petitioner is confident that one of the Seven FBI offices illegally using FISA resources is located in Kentucky and that she was the *"potential source in a predicated criminal investigation relating to public corruption"*. See Exhibit D. She is not a domestic terrorist. Further, just as twice Federal Law Enforcement has harassed her, crossing state lines to do so to cover up the *"public corruption and bribery"* taking place by Van Tatenhove bribery scheme; that the Kentucky FBI office used NSA data to try to find allegations to charge Ms. Mischler in retaliation for exposing the federal bribery scheme.

In February 2020, Ms. Mischler filed a FOIA to identify the illegible signature of a DOJ employee who signed a letter covering up the public corruption and bribery in Kentucky. Then in May 2020, the DOJ Analyst violated FISA statutes to *"vet"* (find dirt to criminally charge) *"a potential source in a predicated criminal investigation relating to public corruption"*.[12]

---

[11]     https://www.thedailybeast.com/secret-court-reveals-fbi-hunted-for-domestic-terrorists-without-a-warrant

[12] See footnote 11 herein.

The same day the complaint was filed on July 6, 2020; somebody at the D.C. Clerks office contacted the DOJ who same day moved the FOIA from normal processing to DOJ Office of Professional Responsibility who refuses to return a phone call to update Ms. Mischler on the FOIA.  See Exhibit E.

Originally, Ms. Mischler noticed Judge Boasberg of a *"health care fraud"* involving *"transnational organized crime"* to constructively annul the Affordable Care Act through *"public corruption and bribery"* of Kentucky Judicial officials that involved both federal courts of Kentucky and District of Columbia.  See original petition.

Thus, the irregular administration of Justice with the D.C. Clerks noticing the DOJ, losing Ms. Mischler's documents to find a reason to assign Judge Boasberg instead of Judge Chutkan, as required by local rules is now alleged by Ms. Mischler herein to be the result of the DOJ violating Ms. Mischler's fourth amendment rights in an illegal FISA search to find incriminating evidence against her in NSA records to help cover up the DOJ's involvement in the Kentucky Judicial bribery scheme involving Judge Greg Van Tatenhove.[13]

---

[13] Exhibit D "None of these queries was related to national security" and upon "government discov[ery of] these and a number of similar violations

The original petition in this action was filed before the FISA Court Order became public in April 2021. See Exhibit D.

**CONCLUSION**

Judges are supposed to recuse themselves automatically under 28 U.S. § 455. It's absurd to believe that Judge Justin Walker forgot about who his co-counsels were in the case he admitted ghostwriting, that in his own words was one of the largest judgments in Kentucky Federal Court history. He should have recused and didn't. Why did the panel follow Judge Walker's biased lead?

Stare decisis holds that Courts are suppose to articulate a reason for sealing documents. The Walker Conflicted Panel didn't follow stare decisis; Judge Walker protected his KY criminal co-conspirators. Further, the Walker Conflicted Panel didn't give analysis why judges can issue orders without reading pleadings. No analysis was given because the judicial conduct is reprehensible. Better to ignore judicial reprehensible conduct

---

during oversight reviews at seven FBI field offices"; "none of the 702-acquired information returned was used in a criminal or civil proceeding" " even when the Section 702 product displayed had been opened and reviewed". This is called illegal "fishing" for evidence against an American citizen in the NSA databases.

than admit and address it?  Right?  Pass the buck to SCOTUS?  Knowing Justice Kavanaugh and Kennedy will make sure to protect Judge Walker and ensure SCOTUS doesn't accept the case?  Isn't that how the modern justice system works today?

Last, the information that was not available to the Walker Conflicted Panel that the Petitioner is confident that the irregular administration of justice at the District Level is a direct result of Judge Boasberg personal knowledge that she, Ms. Mischler was the victim of DOJ violating FISA law to illegally obtain information about her from the NSA without a warrant.

If the en banc D.C. Circuit doesn't provide redress to Ms. Mischler from this misconduct; who will protect the individual judges sitting on the D.C. Circuit when the DOJ runs their individual names or their family members and loved ones through the FISA database to dig up dirt on?

The petition for rehearing en banc should be granted.

Respectfully submitted,

Amy Mischler
1414 S Parrott Ave #120
Okeechobee, FL 34974
ajmischler@yahoo.com

**CERTIFICATE OF COMPLIANCE**
**WITH TYPEFACE AND WORD-COUNT LIMITATIONS**

Pursuant to Fed. R. App. P. 32(g), the undersigned hereby certifies as follows:1. Exclusive of the exempted portions provided in Fed. R. App. P. 32(f) and Cir. R. 32(e)(1), this petition contains 3,375 words in compliance with the length limitation in Fed. R. App. P. 35(b)(2)(A).2. The brief has been prepared in proportionally spaced typeface using Microsoft Word in 14-point Book Antiqua font.

**CERTIFICATE OF SERVICE**

I, Amy Mischler certify that on May 11, 2021 that all parties required to be served have been served electronically or by postal mail.

Amy Mischler
May 11, 2021

**ADDENDUM**

| | |
|---|---|
| Panel Opinion | Exhibit 1 |
| Pro Se Appellant Brief | Exhibit A |
| KY Public Business Record | Exhibit B |
|     Judge Van Tatenhoves home address is redacted | |
| Judge Justin Walker Answer | Exhibit C |
|     Page 1 and 56 | |
| Nov. 18, 2020 FISC Opinion | Exhibit D |
|     Page 42 and 43 | |
| Email sequence between FBI FOIA and Ms. Mischler | Exhibit E |

# CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES

Pursuant to Circuit Rules 35(c) and 28(a)(1), Ms. Mischler hereby states as follows:

(A) Parties appearing before the District Court are Defendants Mike Pence, Alex Azar, William Barr, Kelly Craft, Senator McConnell, Sixth Circuit Chief Judge R. Guy Cole Jr., Eva Christine Trout Van Tatenhove, Agent Shame Baumgardner, John Doe (Unknown FBI agent).

(B) Rulings under Review. The rulings at issue in this proceeding are:

(1) The Districts Court dismissal and subsequent reversal.

(2) Minute Order where Ms. Mischler was given no notice or opportunity to object to the Court issuing a permanent stay on requiring the Defendants to file an answer.

(3) Two overdue motions the Court has not addressed. One requesting electronic filing and another for the Court to address the irregular administration of justice.

Other issues: District Court issuing orders without actually reading the pleadings.