function as a viable institution in a democracy if the public lost faith in the impartiality and integrity of its judges.

Despite the importance of an impartial judiciary, there are strong countervailing reasons for limiting disqualification of judges. First, if the standards for disqualification are too easily met, "the increasing frequency of disqualification . . . might arguably tend to undermine public confidence in the judiciary by disparaging the general impartiality of judges."[8] A second and more important reason is that excessive disqualification would seriously damage the efficient administration of justice. If a judge is disqualified after the litigation is well along, the costs of delay and waste of judicial resources may be very high. These costs are especially apparent in lengthy and complex civil litigation, where disqualification may result in the loss of a judge who is thoroughly familiar with the complicated factual details of a case or who has become expert in a highly technical field. Motions to disqualify are often made a considerable time after the case is assigned to a judge because it is not until then that the parties learn of possible bias or a conflict of interest.[9] Moreover, if an appellate court rules that the trial judge should have recused himself, the time and expense of the entire original proceeding have been wasted.

A third concern is avoidance of "judge shopping." If disqualification is easily achieved, litigants may attempt to manipulate the procedure to their advantage. That is, they may seek to disqualify one judge so the case will be heard by a judge they believe is more favorable to their side. This practice also would erode public confidence in the judiciary.

Finally, if an overly strict disqualification standard were applied at the Supreme Court level, it could result in vitally important legal issues not being decided. Six Justices are needed for a quorum in the Supreme Court[10] and substitute Justices are not available. In most circumstances where a quorum does not exist, the Court must affirm the judgment below "with the same effect as upon affirmance by an equally divided court,"[11] that is, the affirmance has no prece-

---

8. Note, *Disqualification of Judges and Justices in the Federal Courts*, 86 HARV. L. REV. 736, 747 (1973).

9. *E.g., In re* Cement Antitrust Litig., 688 F.2d 1297 (9th Cir.) (request for disqualification based on judge's wife's small ownership interest in a party not made until five years after trial judge assigned to case), *aff'd mem. sub nom.* Arizona v. United States Dist. Court, 459 U.S. 1191 (1982).

10. 28 U.S.C. § 1 (1982).

11. *Id.* This is true except for the unusual case of a direct appeal from a district court. In a direct appeal, the statute provides that the case may be remitted to the court of appeals

Exhibit 1

effect such a sweeping rule of disqualification could have on the federal judiciary. After arguing in favor of a waiver provision, he stated:

I think this is very important in these days when judicial manpower in our Federal courts to which this will apply is being pushed to the outer limits, because in case after case in which the judge may have a very slight financial interest, as defined in the bill, the judges will not be able to sit and must under the bill disqualify themselves, even if the parties would like to have them sit.

120 Cong.Rec. at 36270.

Nevertheless, despite repeated objections to the lack of a provision allowing waiver where the judge's interest was insubstantial, Congress refused to follow the lead of the ABA and the Judicial Conference on this point. The Senate passed the bill after Senator Burdick, Chairman of the Subcommittee on Improvements in Judicial Machinery of the Committee on the Judiciary and sponsor of the bill in the Senate, told that body that "(t)he most significant provision in these new standards would require a judge to disqualify himself in any case in which he has a financial interest, however small, in the proceeding." 119 Cong.Rec. at 33029 (1973) (remarks of Senator Burdick). Senator Burdick stressed the fact that the proposed amendment deviated from the ABA code in that the amendment did not allow for waiver of either financial interest or kinship within the third degree as grounds for disqualification. Senator Burdick explained that "(t)he rationale ... (for not allowing waiver) is that these are ... instances in which the public at large would feel a judge most certainly should disqualify himself." Id. at 33030.

The House Judiciary Committee specifically noted that the ABA Code of Judicial Conduct allowed waiver where the judge had only a small financial interest in a party, whereas the proposed amendment to section 455 did not. The Committee explained that "(w)hile the ABA canon on disqualification would permit waiver in these ... instances, the committee believes that confidence in the impartiality of federal judges is enhanced by a more strict treatment of waiver .... The statutes contain ample authority for chief judges to assign other judges to replace either a circuit judge or district court judge who becomes disqualified." House Report at 7; 1974 U.S.Code Cong. & Ad.News at 6357. The Committee also said "(n)otwithstanding the views expressed (by the Judicial Conference) it is felt that the American people are entitled to ethical behavior on the part of all three branches of the Government, not merely the Executive or legislative branches." Id. at 6361.

Congress adopted a broad and sweeping per se rule despite warnings that it might lead to major disruption of litigation and to the loss of the judge with the most expertise in a given matter, even where the judge's financial interest in the party was insubstantial. It was aware that the rule would in at least some cases create the very type of hardships that petitioners plead here. Congress weighed these hardships against the importance of public confidence in the federal judiciary and struck the balance in favor of the latter.

Given that Congress's main concern in adopting section 455 was to promote public confidence in the impartiality of the judiciary, it is entirely consistent with congressional intent to hold that a financial interest in a class member requires recusal. While Congress did not consider or discuss the status of class members when it enacted section 455, we believe that Judge Muecke's construction of the statute effectuates the expressed congressional purpose in adopting the per se rule.

We conclude that the term "party" as used in section 455 must be given its broad customary meaning rather than the narrow construction suggested by plaintiffs, and hold that for purposes of the recusal statute, the term "party" includes class members. Thus, after five years of litigation, a multi-million dollar lawsuit of major national importance, with over 200,000 class plaintiffs, grinds to a halt over Mrs. Muecke's $29.70. A new judge must now be assigned to conduct further proceedings.

IV.

Exhibit 1A

**Madisonville, Kentucky, United States, At&t Services   12.70.187.162**
**(0 returning visits)**
**Win10, Chrome 68.0, 1920x1080**

|  |  | https://www.google.com/ (Keywords Unavailable) |
|---|---|---|
| 22 Aug | 03:23:39 PM | Pike County Injustice Files: Legal Domestic Violence |
| 22 Aug | 03:23:41 PM | 4.bp.blogspot.com/-4EJSZgDMCxo/UZpeNV6GZmI/AAAAAAAAAhE/ctuN8TEPRNo/s1600/petition+part+two.jpg (Download) |
| 22 Aug | 03:23:50 PM | 3.bp.blogspot.com/-eOv_nFsFhUI/UZpYKNMDBLI/AAAAAAAAAg0/BpUajtYYYME/s1600/Petition+1st+page.jpg (Download) |

**Cincinnati, Ohio, United States, Spectrum   65.189.34.119**
**(0 returning visits)**
**Win10, Chrome 68.0, 1920x1080**

|  |  | https://www.google.com/ (Keywords Unavailable) |
|---|---|---|
| 22 Aug | 09:15:30 AM | Pike County Injustice Files: 2006 |
| 22 Aug | 09:15:59 AM | photos1.blogger.com/blogger/3320/3903/1600/grahamletterfirstpage.1.jpg (Exit Link) |

**United States, Googlebot   66.249.69.30**
**(0 returning visits)**
**Unknown, Googlebot-Image, Unknown**

|  |  | (No referring link) |
|---|---|---|
| 22 Aug | 06:46:55 AM | Unknown |

**Keller, Texas, United States, Fidelity Investments   192.223.242.21**
**(1 returning visit)**
**Win7, IE 11.0, 1280x1024**

|  |  | pikecountyinjusticefiles.blogspot.com/notify-SpeedbumpObject?aHR0cDovL3Bpa2Vjb3VudHlpbmp1c3RpY2VmaWxlcy5ibG9nc3BvdC5jb20v;H9dgU0PgE45M2NvQoy53nEbIVfRNMq+nole1j8JUo1U= |
|---|---|---|
| 13 Aug | 09:14:04 AM | Pike County Injustice Files |
|  |  | pikecountyinjusticefiles.blogspot.com/notify-SpeedbumpObject?aHR0cDovL3Bpa2Vjb3VudHlpbmp1c3RpY2VmaWxlcy5ibG9nc3BvdC5jb20v;H9dgU0PgE45M2NvQoy53nEbIVfRNMq+nole1j8JUo1U= |
| 16 Aug | 01:26:54 PM | Pike County Injustice Files |

$12

# Introducing Activity Alerts

## Create alerts for when individual visitors view your website

- Email
- iOS
- Android
- Windows

**Included with all upgrade plans**

Try FREE for 30 days
No Credit Card details required

# What's New?

Thanks for checking out the next version of StatCounter. Here's a quick introduction to some of the improvements.

## Jump & Zoom Your Summary Chart

Navigate backwards and forwards and zoom in and out with these new controls.



## View Headline Stats At A Glance

New headline stats show you important summary information at a glance.

*Exhibit 2*



**SHANE BAUMGARTNER**
SPECIAL AGENT

FEDERAL BUREAU OF INVESTIGATION
TAMPA DIVISION

FT. MYERS RESIDENT AGENCY
12481 GATEWAY BLVD.
FT. MYERS, FL 33913

TEL: (239) 337-7171
shane.baumgartner@ic.fbi.gov

Exhibit 3

FREE TRIAL ; TRY 3 FOR 99¢ MONTH



After Ford testifies she was
sexually assaulted,
Kavanaugh responds with...

Here's what sexual assault
experts say you should keep
in mind as Christine Blase...



If Christine Blasey F
testimony stir
memories, her

ADVERTISEMENT

# Lawmakers impeach all 4 West Virginia high court justices over spending

By **ASSOCIATED PRESS**
AUG 14, 2018 | CHARLESTON, W.VA.



West Virginia House Speaker Pro Tempore John Overington presides over the start of a hearing Aug. 13 in Charleston, W.Va. (John Raby / Associated Press)

West Virginia lawmakers completed the extraordinary move of impeaching all four state Supreme Court justices Monday night for spending issues, including a suspended justice facing a 23-count federal indictment.

The state House of Delegates voted to impeach Justice Allen Loughry on eight articles, setting the stage for a trial in the state Senate.

InRead invented by Tei

ADVERTISEMENT

ADVERTISEMENT

Beth Walker became the final justice to be impeached when an article was approved stating all four justices abused their authority. It said they failed to control office expenses, including more than $1 million in renovations to their individual offices, and not maintaining policies over matters such as working lunches and the use of state vehicles and office computers at home.

Walker had dodged impeachment earlier Monday night when lawmakers decided to overlook her $131,000 in spending on office renovations. A short time later, another article was withdrawn against Chief Justice Margaret Workman, who spent $111,000 in renovations.

Justice Robin Davis was impeached for $500,000 in office renovations. And lawmakers approved articles against Loughry for spending $363,000 in renovations to his office; having a $42,000 antique desk and computers, all owned by the state, at his home; lying to the House Finance Committee about taking home the desk and a $32,000 suede leather couch; and for his personal use of state vehicles.

Loughry, Workman and Davis also were impeached for their roles in allowing senior status judges to be paid higher than allowed wages. Lawmakers say the overpayments violated state law and stopped when they were challenged by the Internal Revenue Service.

Another impeachment article was withdrawn dealing with an accusation Loughry used state money to frame personal items at his office.

Minority Democrats on the House Judiciary Committee that approved the articles last week had tried to speed up the impeachment process in the hopes of beating a Tuesday deadline for arranging a special election in November if any justice is removed from office or leaves office. Instead, the committee took its time, even conducting a tour of the state Supreme Court offices earlier this month.

Republican Gov. Jim Justice will be allowed to appoint new justices to replace any who are impeached — with no requirement that they be from the same party as the incumbent.

West Virginia Supreme Court Justices Robin Davis and Allen Loughry in 2012. (Charleston Gazette-Mail and Daily Mail)

Democrats have accused Republicans of attempting to wrest the court away from voters, who elected the current justices in nonpartisan elections.

Delegate Barbara Evans Fleischauer of Monongalia County said Democrats agreed all along there was enough to recommend Loughry's impeachment. But she said going after the other justices "was a power grab, was a takeover of the court and using the impeachment process to take over another branch of government."

West Virginia Supreme Court justices Beth Walker in 2016, left, and Margaret Workman in 2008. (Charleston Gazette-Mail and Daily Mail)

"We're taking away from the people," she said

Some legislators said they didn't support impeaching any justice for wasteful spending, only for articles pertaining to lying, cheating or stealing.

One impeachment article accused Loughry of lying to the House Finance Committee in January about his involvement in his office renovations, including a custom-designed wooden-inlay map showing all 55 West Virginia counties embedded in the floor.

Loughry was suspended earlier this year. Justice Menis Ketchum retired and agreed to plead guilty to a federal wire fraud count involving the personal use of state-owned vehicles and fuel cards.

A special election already is set in November to fill the remainder of Ketchum's term.

Circuit judge Paul T. Farrell has been sworn in to act as the court's chief justice for the Senate trial, whose timeline is uncertain. The court's fall term starts in early September. In the event that one or more justices is on trial in the Senate, the court said last week it would hear all cases on the docket as scheduled.

The last time the Legislature was involved in similar proceedings was 1989, when state Treasurer A. James Manchin was impeached by the House of Delegates after the state lost $279 million invested in the bond market. Manchin resigned before the state Senate took up the impeachment measure. He was never charged and the state recovered $55 million from lawsuits against nine New York brokerage firms involved in the losses.

---



Today's Headlines Newsletter
Weekdays

A digest of essential news, insight and analysis from L.A. Times editors.

ENTER YOUR EMAIL ADDRESS

# KentuckyToday

(/)

# Comprehensive audit blisters agency that runs Kentucky's courts

Posted Thursday, July 12, 2018 2:06 pm

**By TOM LATEK, Kentucky Today**

FRANKFORT, Ky. (KT) – A scathing audit of the agency that operates Kentucky's court system showed "disorganized and unchecked leadership and overall lack of accountability," said state Auditor Mike Harmon

Harmon presented findings at a news conference Thursday morning about the Administrative Office of the Courts in releasing the 214-page report, saying they didn't have sufficient polices in place to provide transparency and oversight.

The 13-month examination followed a request by AOC Director Laurie Dudgeon after news reports about surplus property sales and other issues raised about the agency that serves as the operational arm of Kentucky's Judicial Branch and supports court facilities and programs in each county.

The comprehensive external audit of the agency was the first since the AOC was founded in 1976. Problems ranged from leasing office space from a company owned by sons of a Supreme Court Justice to the private sale of state firearms, furniture and vehicles.

Some of the other findings include:

--The vast majority of credit card expenses by the chief justice and the AOC director that auditors examined lacked any supporting documentation. There was no pre-approval or subsequent review of credit card activity by anyone other than the cardholder, and no cardholder agreements were required for key officials issued a credit card.

--AOC failed to properly report taxable personal benefits from take-home vehicles assigned to Justices and other AOC personnel. The findings related to improper calculation of personal mileage and taxable benefits will be referred to the IRS and Kentucky Department of Revenue.

--The AOC director instructed a staff member to purchase personalized Mint Julep cups for State Justice Institute board members at the request of Chief Justice John Minton's wife.

--Elected and appointed officials at AOC have failed to set a proper tone regarding consistent treatment between those officials, and other government employees at the agency. For example, elected or appointed officials at AOC submit reimbursement requests directly to the Division of Accounting and Purchasing with no other authorization required before processing.

--The chief justice shares administrative policymaking decisions with the other members of the state Supreme Court even though that authority appears to rest solely with the Chief Justice on administrative matters. These Court meetings are not open to the public because AOC has no open meetings policy.

--AOC maintains three separate databases for inventory. The third database was created because one department did not trust the data entry of another department. Rather than correcting this problem, the third database was created. Due to this and other factors, AOC has at least $2 million in inventory system errors, putting AOC at high risk of misappropriation of assets.

--Two new laptops were missing due to multiple failures in processing and receiving the order, including an employee who confirmed receipt of these items which he later acknowledged he did without counting the laptops.

--Simple documentation is not required or maintained in many instances. Exceptions to competitive bidding are not required to be documented, and a former manager noted that, "Departments are currently making their own determination."

--The AOC's conflict of interest policy is vague and open-ended. Unlike the Executive Branch, conflicts of interest are not specifically prohibited or subject to mandatory consequences under AOC's policy.

--Individuals who left employment, maintained access to AOC's case management system for an unreasonable amount of time, in one case, well over a year after separation from employment.

"AOC's administrative rules are not applied equally to higher levels of management and elected officials," the audit said. "Senior management, Justices and judges must be held to the same standards as other employees when it comes to such matters."

In a statement released Thursday, Chief Justice John Minton addressed the audit and its findings and said the agency must be "transparent and accountable" to taxpayers.

"While we are careful to safeguard the Judicial Branch as a separate and co-equal branch of government, we also want to advance our efforts to be transparent and accountable to Kentucky taxpayers," he said. "There is value in obtaining regular audits of the AOC and making those results public, and the Supreme Court will determine the scope and frequency of audits going forward."

The report said the AOC had several employee-only surplus sales and often failed to accurately report inventory from the sales and was inconsistent about applying sales tax to the items sold, which include 28 surplus vehicles sold between 2012 and 2017. Seven of the vehicles were sold privately, including one to an unnamed Supreme Court Justice. Those sales came against the advice of general counsel in 2010.

Even more concerning, Harmon said, was that "the former executive officer of Administrative Services participated in the sales as a buyer, while he also determined which items would be sold, set the sales price and coordinated the sales, all with little or no oversight from other AOC staff."

He later identified that individual as Scott Brown, who was fired and has a whistleblower lawsuit pending against the AOC in Franklin Circuit Court.

Thirty-four private sales were conducted by the AOC between 2010 and 2017 where members of staff or elected officials were able to directly buy firearms, vehicles and furniture in those transactions. Even some of the Supreme Court Justices took part in the private sales, among them former Justice Will T. Scott buying a car and former Justice Mary Noble purchasing furniture.

Office space was leased from a company owned by sons of Justice Samuel Wright even though rent was three times higher than the next bid.

"The memo did not provide a complete assessment of the offers, did not provide a reason for the decision, or mention the fact that the potential leaser was owned by the Supreme Court Justice's sons," the audit said.

Harmon recommended the AOC conduct administrative business in public, but they refused.

"Their dismissive attitude towards key recommendations regarding ethics and accountability quite frankly saddens me," Harmon said. "No matter what branch of government, we owe it to the taxpayers of Kentucky to strive toward openness and transparency."

Dudgeon thanked Harmon's office for the examination.

"Completing a third-party exam has been one of the most valuable exercises the AOC has undertaken during my tenure as director. We sought an external audit to help us identify areas that needed improvement, particularly around policies related to our administrative functions. We anticipated many of the findings and have already begun implementing changes to strengthen our operations."

Supreme Court Justice Michelle Keller indicated she was shocked by the findings.

"I received the Auditor's report yesterday and read it yesterday afternoon. I haven't read the AOC's response and don't plan to do that. As a Justice of the Supreme Court and a responsible elected official, I'm interested in in addressing the findings of the report as soon as possible.

"I'm personally sad that the several thousand hardworking judges and other court personnel will be painted with a broad brush by this."

Harmon said the report's findings have been referred to the Kentucky Attorney General's Office, the Kentucky Department of Revenue and the Internal Revenue Service.

POWERED BY CREATIVE CIRCLE MEDIA SOLUTIONS (HTTP://CREATIVECIRCLEMEDIA.COM)

| AGENCY/ VENDOR | EFFECTIVE DATES | CONTRACT TYPE | CONTRACT AMOUNT | AMENDMENT AMOUNT/ AMENDMENT DESCRIPTION | CONTRACT DESCRIPTION |
|---|---|---|---|---|---|

## ADMINISTRATIVE OFFICE OF THE COURTS

**1. 1600001043**

| Transitions, Inc. 700 Fairfield Avenue Covington, KY 41011 | January 01, 2016 - December 30, 2018 | Veterans Treatment Court | $24,087.00 | Decrease by ($73,383.00); Federal Funds; Provide for a decrease in accordance with approved federal budget. | Provide funds to implement a Veterans Treatment Court in Campbell County. Contractor will serve as the treatment provider and is responsible for conducting a comprehensive, culturally appropriate, residential and outpatient substance abuse treatment program to include persons with co-occurring substance abuse and mental health issues supported by integrated mental health care, evidence based psychiatric services, coordination of wrap-around services, enhanced case management, which includes assisting the Drug Court Coordinator with increased drug court cases and providing recovery services. |

**2. 1600002387**

| Stites and Harbison 421 West Main Street Frankfort, KY 40601 | July 01, 2016 - June 30, 2018 | Legal | $40,000.00 | No increase or decrease; General Funds; $125 per hour; Provide for an extension of time to June 30, 2018 due to ongoing litigation. | Review all documentation relating to the action and provide representation for the Supreme Court and AOC throughout all related proceedings until the matter has been resolved. John D. Minton Chief Justice of the Kentucky Supreme Court, Susan Stokley Clary, Clerk of the Kentucky Supreme Court, the Kentucky Supreme Court, and Larrin Thompson, Supreme Court Law Clerk, were named as defendants in Amy Jerrine Mischler v. Susan Stokley Clary, John Minton, Kentucky Supreme Court and Larrin Thompson; United States District Court, Eastern District of Kentucky, Case 3:13-CV-26-ART. |

**3. 1600003867**

| Tad Thomas 9418 Norton Commons Blvd., Suite 200 Louisville, KY 40059 | July 01, 2016 - June 30, 2018 | Legal | $8,232.50 | No increase or decrease; General Funds; $125 per hour; Provide for an extension of time to June 30, 2018 due to ongoing litigation. | Review all documentation relating to Michael Anthony Usrey v. Farmland Publications, Inc., and Dennis Loy, an Individual, Adair Circuit Court, Case Number 16-CI-00051 and provide representation for Adair Circuit Clerk, Dennis Loy, throughout all related proceedings until the matter has been resolved. |

# Supreme Court of Kentucky

**Appellant**   **AMY MISCHLER**

VS

**Appellee**   **HON ROBERT MCGINNIS SPECIAL JUDGE, PIKE COUNTY CIRCUIT COURT**

## Case Information

| | |
|---|---|
| **Case #** | **2014-SC-000200** |
| **Case Type** | **Original Action: (OA)** |
| **Document Type** | Matter of Right Appeal: (MR) |
| **Case Status** | Active: (A) |
| **Last Main Event** | **MISC MOTION ORDER: (10/23/2014)** |

## Step Sheet

| Step # | Date | Description | Memo |
|---|---|---|---|
| 1 | 2/18/2014 | JUDGMENT / ORIGINAL ACTION DATE: **JD** | |
| 2 | 4/16/2014 | NOTICE OF APPEAL-ORG. ACTION: **NA** | FORMA PAUPERIS GRANTED IN COURT OF APPEALS 4/16/2014. **(Due Date: 5/16/2014)** |
| 3 | 4/21/2014 | JUSTICE RECUSED FROM CASE: **RECUSE** | CHIEF JUSTICE JOHN D. MINTON HEREBY RECUSES HIMSELF FROM PARTICIPATING IN THIS ACTION. (COPY OF RECUSAL ORDER MAILED CERTIFIED MAIL #7010 2780 0002 9989 7090) |
| 4 | 4/24/2014 | JUSTICE RECUSED FROM CASE: **RECUSE** | JUSTICE WILL T. SCOTT HEREBY RECUSES HIMSELF FROM PARTICIPATION IN THIS CASE. (COPY OF RECUSAL ORDER MAILED CERTIFIED MAIL #7010 2780 0002 9989 7113) |
| 5 | 5/13/2014 | LETTER TO GOVERNOR TO APPOINT SPECIAL JUSTICES: **SPGOV** | PURSUANT TO SECTION 110(3) OF THE CONSTITUTION, NOTICE SENT TO GOVERNOR STEVE BESHEAR CERTIFYING THE RECUSALS OF CHIEF JUSTICE JOHN D. MINTON, JR. AND JUSTICE WILL T. SCOTT. (COPY OF LETTER TO GOVERNOR MAILED CERTIFIED MAIL #7010 2780 0002 9989 7120) |
| 6 | 5/15/2014 | NOTICE OF CERTIFICATION- ORG. ACTION: **NC** | |
| 7 | 5/19/2014 | APPEAL FROM ORIGINAL ACTION FILED: **AF** | APPELLANT BRIEF FILED. *TIMELY FILED PURSUANT TO CR 76.40 (2) BY UPS* **(Due Date: 7/18/2014)** |

| 8 | 6/12/2014 | MISCELLANEOUS MOTIONS: MM | APPELLEE FILED MOTION TO SUBSTITUTE COUNSEL. (RECEIPT LETTER MAILED CERTIFIED MAIL #7010 2780 0002 9989 7182) (Due Date: 6/25/2014) |
|---|---|---|---|
| 9 | 6/16/2014 | MISCELLANEOUS MOTIONS: MM | APPELLANT FILED MOTION TO CORRECT TITLE ONLINE. (RECEIPT LETTER MAILED CERTIFIED MAIL #7010 2780 0002 9989 7199) (Due Date: 6/25/2014) |
| 10 | 6/16/2014 | MISCELLANEOUS MOTIONS: MM | APPELLANT FILED NOTICE OF RE-CERTIFICATION. (RECEIPT LETTER MAILED CERTIFIED MAIL #7010 2780 0002 9989 7199) (Due Date: 6/25/2014) |
| 11 | 6/16/2014 | EXECUTIVE ORDER APPOINTING SPECIAL JUSTICES: SPAPPT | RECEIVED COPY OF EXECUTIVE ORDER 2014-465 FROM GOVERNOR STEVEN L. BESHEAR APPOINTING HON. NORMAN E. HARNED, BOWLING GREEN, KY, AND HON. PAUL W. BLAIR, MOREHEAD, KY, FOR THE PURPOSE OF HEARING AND DECIDING THIS CASE. (COPY OF EXECUTIVE ORDER MAILED CERTIFIED MAIL #7010 2780 0002 9989 7205) |
| 12 | 6/20/2014 | ** NOTE **: CK | TENDERED 5 COPIES OF APPELLEE'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR EXTENSION OF TIME TO FILE RESPONSE. |
| 13 | 6/25/2014 | SCHEDULE TO MOTION DOCKET: MS | NO RESPONSE FILED. |
| 14 | 6/25/2014 | SCHEDULE TO MOTION DOCKET: MS | NO RESPONSE FILED. |
| 15 | 6/25/2014 | SCHEDULE TO MOTION DOCKET: MS | NO RESPONSE FILED. |
| 16 | 7/2/2014 | MISC MOTION ORDER: OM | ORDER GRANTED APPELLEE'S MOTION TO SUBSTITUTE HON. S. TRAVIS MAYO AND HON. JESSICA R. C. MALLOY, IN PLACE OF HON. NICOLE H. PANG AND HONORABLE CLAY A. BARKLEY AS COUNSEL OF RECORD FOR APPELLEE. (COPY OF ORDER MAILED CERTIFIED MAIL #7010 2780 0002 9989 7299) |
| 17 | 7/2/2014 | MOTION TO DISMISS: MD | APPELLEE, HON. ROBERT MCGINNIS, FILED MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR EXTENSION OF TIME TO FILE HIS RESPONSE BRIEF. (RECEIPT LETTER MAILED CERTIFIED MAIL #7010 2780 0002 9989 7299) (Due Date: 7/14/2014) |
| 18 | 7/14/2014 | MOTION TO RECUSE JUSTICE: MMREC | APPELLANT FILED MOTION FOR THE RECUSAL OF JUSTICE VENTERS IN ALL MATTERS CONCERNING AMY JERRINE MISCHLER. (RECEIPT LETTER MAILED CERTIFIED MAIL #7010 2780 0002 9989 7274) (Due Date: 7/25/2014) |

| 19 | 7/14/2014 | MOTION TO RECUSE JUSTICE: MMREC | APPELLANT FILED MOTION FOR THE RECUSAL OF DEPUTY CHIEF JUSTICE NOBLE IN ALL MATTERS CONCERNING AMY JERRINE MISCHLER. (RECEIPT LETTER MAILED CERTIFIED MAIL #7010 2780 0002 9989 7274) (Due Date: 7/25/2014) |
| 20 | 7/14/2014 | RESPONSE TO MOTION TO DISMISS: ZD | APPELLANT FILED RESPONSE TO DENY MOTION TO DISMISS OR ALLOW FOR EXTENSION OF TIME TO FILE RESPONSE BRIEF. (RECEIPT LETTER MAILED CERTIFIED MAIL #7010 2780 0002 9989 7274) |
| 21 | 7/14/2014 | SCHEDULE TO MOTION DOCKET: MS | |
| 22 | 7/18/2014 | RESPONSE TO MISCELLANEOUS MOTIONS: ZM | APPELLEE FILED RESPONSE IN OPPOSITION TO MOTION FOR THE RECUSAL OF JUSTICE VENTERS IN ALL MATTERS CONCERNING AMY JERRINE MISCHLER. (RECEIPT LETTER MAILED CERTIFIED MAIL #7010 2780 0002 9989 7298) |
| 23 | 7/18/2014 | RESPONSE TO MISCELLANEOUS MOTIONS: ZM | APPELLEE FILED RESPONSE IN OPPOSITION TO MOTION FOR THE RECUSAL OF DEPUTY CHIEF JUSTICE NOBLE IN ALL MATTERS CONCERNING AMY JERRINE MISCHLER. (RECEIPT LETTER MAILED CERTIFIED MAIL #7010 2780 0002 9989 7298) |
| 24 | 7/18/2014 | SCHEDULE TO MOTION DOCKET: MS | |
| 25 | 7/18/2014 | SCHEDULE TO MOTION DOCKET: MS | |
| 26 | 10/23/2014 | MISC MOTION ORDER: OM | THE APPELLANT HAVING FILED A MOTION REQUESTING RECUSAL OF JUSTICE VENTERS, SAID MOTION IS HEREBY DENIED. (ORDER MAILED CERTIFIED MAIL #7010 2780 0002 9989 7304) |
| 27 | 10/23/2014 | MISC MOTION ORDER: OM | THE APPELLANT HAVING FILED A MOTION REQUESTING RECUSAL DEPUTY CHIEF JUSTICE NOBLE, SAID MOTION IS HEREBY DENIED. (ORDER MAILED CERTIFIED MAIL #7010 2780 0002 9989 7304) |

# Litigant Information

| Description | Primary | Name | Seq # |
|---|---|---|---|
| Appellant | Y | AMY MISCHLER | 1 |
| Appellee | Y | HON ROBERT MCGINNIS SPECIAL JUDGE, PIKE COUNTY CIRCUIT COURT | 2 |

# Party Attorneys

| Attorney Name | Party Name | Type |
|---|---|---|
| MALLOY JESSICA R.C. | MCGINNIS ROBERT | Appellee |
| MAYO STEVEN TRAVIS | MCGINNIS ROBERT | Appellee |
| MISCHLER AMY JERRINE | MISCHLER AMY | Appellant |

# Circuit Information

| County | Case # | Div | Court # | Judgment Date | Judge Name |
|---|---|---|---|---|---|
| FROM COURT OF APPEALS (122) | 06-F-00438 | CI | 1 | 2/18/2014 | SUSAN MULLINS JOHNSON |

# Associated Supreme Cases

| Case # |
|---|
| 0 results |

# Associated Other Cases

| Case # |
|---|
| 2013-CA-001299 |

# Supreme Court of Kentucky

**Appellant  AMY MISCHLER**

vs

**Appellee  HON ROBERT MCGINNIS SPECIAL JUDGE, PIKE COUNTY CIRCUIT COURT**

## Case Information

| | |
|---|---|
| Case # | 2014-SC-000201 |
| Case Type | Original Action: (OA) |
| Document Type | Matter of Right Appeal: (MR) |
| Case Status | Active: (A) |
| Last Main Event | SCHEDULE TO MOTION DOCKET: (7/14/2014) |

## Step Sheet

| Step # | Date | Description | Memo |
|---|---|---|---|
| 1 | 2/18/2014 | JUDGMENT / ORIGINAL ACTION DATE: JD | |
| 2 | 4/16/2014 | NOTICE OF APPEAL-ORG. ACTION: NA | FORMA PAUPERIS GRANTED IN COURT OF APPEALS 4/16/2014. (Due Date: 5/16/2014) |
| 3 | 4/21/2014 | JUSTICE RECUSED FROM CASE: RECUSE | CHIEF JUSTICE JOHN D. MINTON HEREBY RECUSES HIMSELF FROM PARTICIPATING IN THIS ACTION. |
| 4 | 4/24/2014 | JUSTICE RECUSED FROM CASE: RECUSE | JUSTICE WILL T. SCOTT HEREBY RECUSES HIMSELF FROM PARTICIPATION IN THIS CASE. (COPY OF RECUSAL ORDER MAILED CERTIFIED MAIL #7010 2780 0002 9989 7113) |
| 5 | 5/13/2014 | LETTER TO GOVERNOR TO APPOINT SPECIAL JUSTICES: SPGOV | PURSUANT TO SECTION 110(3) OF THE CONSTITUTION, NOTICE SENT TO GOVERNOR STEVE BESHEAR CERTIFYING THE RECUSALS OF CHIEF JUSTICE JOHN D. MINTON, JR. AND JUSTICE WILL T. SCOTT. (COPY OF LETTER TO GOVERNOR MAILED CERTIFIED MAIL #7010 2780 0002 9989 7120) |
| 6 | 5/15/2014 | NOTICE OF CERTIFICATION-ORG. ACTION: NC | |
| 7 | 5/19/2014 | APPEAL FROM ORIGINAL ACTION FILED: AF | APPELLANT BRIEF FILED. *TIMELY FILED PURSUANT TO CR 76.40 (2) BY UPS* (Due Date: 7/18/2014) |

Exhibit 9

| 8 | 6/12/2014 | MISCELLANEOUS MOTIONS: MM | APPELLEE FILED MOTION TO SUBSTITUTE COUNSEL. (RECEIPT LETTER MAILED CERTIFIED MAIL #7010 2780 0002 9989 7182) (Due Date: 6/25/2014) |
| 9 | 6/16/2014 | MISCELLANEOUS MOTIONS: MM | APPELLANT FILED NOTICE OF RE-CERTIFICATION. (RECEIPT LETTER MAILED CERTIFIED MAIL #7010 2780 0002 9989 7199) (Due Date: 6/25/2014) |
| 10 | 6/16/2014 | EXECUTIVE ORDER APPOINTING SPECIAL JUSTICES: SPAPPT | RECEIVED COPY OF EXECUTIVE ORDER 2014-465 FROM GOVERNOR STEVEN L. BESHEAR APPOINTING HON. NORMAN E. HARNED, BOWLING GREEN, KY, AND HON. PAUL W. BLAIR, MOREHEAD, KY, FOR THE PURPOSE OF HEARING AND DECIDING THIS CASE. (COPY OF EXECUTIVE ORDER MAILED CERTIFIED MAIL #7010 2780 0002 9989 7205) |
| 11 | 6/20/2014 | ** NOTE **: CK | TENDERED 5 COPIES OF APPELLEE'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR EXTENSION OF TIME TO FILE RESPONSE. |
| 12 | 6/25/2014 | SCHEDULE TO MOTION DOCKET: MS | NO RESPONSE FILED. |
| 13 | 6/25/2014 | SCHEDULE TO MOTION DOCKET: MS | NO RESPONSE FILED. |
| 14 | 7/2/2014 | MISC MOTION ORDER: OM | ORDER GRANTING APPELLEE'S MOTION TO SUBSTITUTE HONORABLE S. TRAVIS MAYO AND JESSICA R.C. MALLOY, ASSISTANT ATTORNEYS GENERAL, IN PLACE OF HONORABLE NICOLE H. PANG AND CLAY A. BARKLEY, ASSISTANT ATTORNEYS GENERAL, AS COUNSEL OF RECORD FOR THE APPELLEE IN THE ABOVE-STYLED ACTION. MAILED CERTIFIED MAIL # 70102780000299897236 TO AMY MISCHLER. |
| 15 | 7/2/2014 | MOTION TO DISMISS: MD | HONORABLE ROBERT MCGINNIS, FILED MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR EXTENSION OF TIME TO FILE HIS RESPONSE BRIEF. MAILED CERTIFIED MAIL # 70102780000299897236 TO AMY MISCHLER. (Due Date: 7/14/2014) |
| 16 | 7/14/2014 | RESPONSE TO MOTION TO DISMISS: ZD | APPELLANT FILED RESPONSE TO DENY MOTION TO DISMISS OR ALLOW FOR EXTENSION OF TIME TO FILE RESPONSE BRIEF. (RECEIPT LETTER MAILED CERTIFIED MAIL #7010 2780 0002 9989 7274) |
| 17 | 7/14/2014 | SCHEDULE TO MOTION DOCKET: MS | |

# Litigant Information

| Description | Primary | Name | Seq # |

| Appellant | Y | AMY MISCHLER | 1 |
|-----------|---|--------------|---|
| Appellee | Y | HON ROBERT MCGINNIS SPECIAL JUDGE, PIKE COUNTY CIRCUIT COURT | 2 |

## Party Attorneys

| Attorney Name | Party Name | Type |
|---------------|------------|------|
| MALLOY JESSICA R.C. | MCGINNIS ROBERT | Appellee |
| MAYO STEVEN TRAVIS | MCGINNIS ROBERT | Appellee |
| MISCHLER AMY JERRINE | MISCHLER AMY | Appellant |

## Circuit Information

| County | Case # | Div | Court # | Judgment Date | Judge Name |
|--------|--------|-----|---------|---------------|------------|
| FROM COURT OF APPEALS (122) | 02-D-00202 | CI | 1 | 2/18/2014 | HON ROBERT MCGINNIS |
| FROM COURT OF APPEALS (122) | 02-D-00202-002 | CI | 1 | 2/18/2014 | HON ROBERT MCGINNIS |

## Associated Supreme Cases

| Case # |
|--------|
| 0 results |

## Associated Other Cases

| Case # |
|--------|
| 2013-CA-001300 |

# Supreme Court of Kentucky

**Appellant　AMY MISCHLER**

vs

**Appellee　HON ROBERT MCGINNIS SPECIAL JUDGE, PIKE COUNTY CIRCUIT COURT**

## Case Information

| | |
|---|---|
| Case # | 2014-SC-000202 |
| Case Type | Original Action: (OA) |
| Document Type | Matter of Right Appeal: (MR) |
| Case Status | Active: (A) |
| Last Main Event | SCHEDULE TO MOTION DOCKET: (7/14/2014) |

## Step Sheet

| Step # | Date | Description | Memo |
|---|---|---|---|
| 1 | 2/18/2014 | JUDGMENT / ORIGINAL ACTION DATE: **JD** | |
| 2 | 4/16/2014 | NOTICE OF APPEAL-ORG. ACTION: **NA** | FORMA PAUPERIS FILED IN COURT OF APPEALS 4/16/2014. (Due Date: 5/16/2014) |
| 3 | 4/21/2014 | JUSTICE RECUSED FROM CASE: **RECUSE** | CHIEF JUSTICE JOHN D. MINTON HEREBY RECUSES HIMSELF FROM PARTICIPATING IN THIS ACTION. |
| 4 | 4/24/2014 | JUSTICE RECUSED FROM CASE: **RECUSE** | JUSTICE WILL T. SCOTT HEREBY RECUSES HIMSELF FROM PARTICIPATION IN THIS CASE. (COPY OF RECUSAL ORDER MAILED CERTIFIED MAIL #7010 2780 0002 9989 7113) |
| 5 | 5/13/2014 | LETTER TO GOVERNOR TO APPOINT SPECIAL JUSTICES: **SPGOV** | PURSUANT TO SECTION 110(3) OF THE CONSTITUTION, NOTICE SENT TO GOVERNOR STEVE BESHEAR CERTIFYING THE RECUSALS OF CHIEF JUSTICE JOHN D. MINTON, JR. AND JUSTICE WILL T. SCOTT. (COPY OF LETTER TO GOVERNOR MAILED CERTIFIED MAIL #7010 2780 0002 9989 7120) |
| 6 | 5/15/2014 | NOTICE OF CERTIFICATION-ORG. ACTION: **NC** | |
| 7 | 5/19/2014 | APPEAL FROM ORIGINAL ACTION FILED: **AF** | APPELLANT BRIEF FILED. *TIMELY FILED PURSUANT TO CR 76.40 (2) BY UPS* (Due Date: 7/18/2014) |

| | | | |
|---|---|---|---|
| 8 | 6/12/2014 | MISCELLANEOUS MOTIONS: **MM** | APPELLEE FILED MOTION TO SUBSTITUTE COUNSEL. (RECEIPT LETTER MAILED CERTIFIED MAIL #7010 2780 0002 9989 7182) (Due Date: 6/25/2014) |
| 9 | 6/16/2014 | MISCELLANEOUS MOTIONS: **MM** | APPELLANT FILED NOTICE OF RE-CERTIFICATION. (RECEIPT LETTER MAILED CERTIFIED MAIL #7010 2780 0002 9989 7199) (Due Date: 6/25/2014) |
| 10 | 6/16/2014 | EXECUTIVE ORDER APPOINTING SPECIAL JUSTICES: **SPAPPT** | RECEIVED COPY OF EXECUTIVE ORDER 2014-465 FROM GOVERNOR STEVEN L. BESHEAR APPOINTING HON. NORMAN E. HARNED, BOWLING GREEN, KY, AND HON. PAUL W. BLAIR, MOREHEAD, KY, FOR THE PURPOSE OF HEARING AND DECIDING THIS CASE. (COPY OF EXECUTIVE ORDER MAILED CERTIFIED MAIL #7010 2780 0002 9989 7205) |
| 11 | 6/20/2014 | ** NOTE **: **CK** | TENDERED 5 COPIES OF APPELLEE'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR EXTENSION OF TIME TO FILE RESPONSE. |
| 12 | 6/25/2014 | SCHEDULE TO MOTION DOCKET: **MS** | NO RESPONSE FILED. |
| 13 | 6/25/2014 | SCHEDULE TO MOTION DOCKET: **MS** | NO RESPONSE FILED. |
| 14 | 7/2/2014 | MISC MOTION ORDER: **OM** | ORDER GRANTING APPELLEE'S MOTION TO SUBSTITUTE HONORABLE S. TRAVIS MAYO AND JESSICA R.C. MALLOY, ASSISTANT ATTORNEYS GENERAL, IN PLACE OF HONORABLE NICOLE H. PANG AND CLAY A. BARKLEY, ASSISTANT ATTORNEYS GENERAL, AS COUNSEL OF RECORD FOR THE APPELLEE IN THE ABOVE-STYLED ACTION. MAILED CERTIFIED MAIL # 70102780000299897267 TO AMY MISCHLER. |
| 15 | 7/2/2014 | MOTION TO DISMISS: **MD** | HONORABLE ROBERT MCGINNIS, FILED MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR EXTENSION OF TIME TO FILE HIS RESPONSE BRIEF. MAILED CERTIFIED MAIL # 70102780000299897267 TO AMY MISCHLER. (Due Date: 7/14/2014) |
| 16 | 7/14/2014 | RESPONSE TO MOTION TO DISMISS: **ZD** | APPELLANT FILED RESPONSE TO DENY MOTION TO DISMISS OR ALLOW FOR EXTENSION OF TIME TO FILE RESPONSE BRIEF. (RECEIPT LETTER MAILED CERTIFIED MAIL #7010 2780 0002 9989 7274) |
| 17 | 7/14/2014 | SCHEDULE TO MOTION DOCKET: **MS** | |

# Litigant Information

| Description | Primary | Name | Seq # |
|---|---|---|---|

| Appellant | Y | AMY MISCHLER | 1 |
|---|---|---|---|
| Appellee | Y | HON ROBERT MCGINNIS SPECIAL JUDGE, PIKE COUNTY CIRCUIT COURT | 2 |

## Party Attorneys

| Attorney Name | Party Name | Type |
|---|---|---|
| MALLOY JESSICA R.C. | MCGINNIS ROBERT | Appellee |
| MAYO STEVEN TRAVIS | MCGINNIS ROBERT | Appellee |
| MISCHLER AMY JERRINE | MISCHLER AMY | Appellant |

## Circuit Information

| County | Case # | Div | Court # | Judgment Date | Judge Name |
|---|---|---|---|---|---|
| FROM COURT OF APPEALS (122) | 02-D-00202 | CI | 1 | 2/18/2014 | HON ROBERT MCGINNIS |
| FROM COURT OF APPEALS (122) | 02-D-00202-001 | CI | 1 | 2/18/2014 | HON ROBERT MCGINNIS |

## Associated Supreme Cases

| Case # |
|---|
| 0 results |

## Associated Other Cases

| Case # |
|---|
| 2013-CA-001301 |

# Supreme Court of Kentucky

**Appellant  AMY MISCHLER**

vs

**Appellee  HON ROBERT MCGINNIS SPECIAL JUDGE, PIKE COUNTY CIRCUIT COURT**

## Case Information

| | |
|---|---|
| Case # | 2014-SC-000203 |
| Case Type | Original Action: (OA) |
| Document Type | Matter of Right Appeal: (MR) |
| Case Status | Active: (A) |
| Last Main Event | SCHEDULE TO MOTION DOCKET: (7/14/2014) |

## Step Sheet

| Step # | Date | Description | Memo |
|---|---|---|---|
| 1 | 2/18/2014 | JUDGMENT / ORIGINAL ACTION DATE: **JD** | |
| 2 | 4/16/2014 | NOTICE OF APPEAL-ORG. ACTION: **NA** | FORMA PAUPERIS FILED IN COURT OF APPEALS 4/16/2014. **(Due Date: 5/16/2014)** |
| 3 | 4/21/2014 | JUSTICE RECUSED FROM CASE: **RECUSE** | CHIEF JUSTICE JOHN D. MINTON HEREBY RECUSES HIMSELF FROM PARTICIPATING IN THIS ACTION. |
| 4 | 4/24/2014 | JUSTICE RECUSED FROM CASE: **RECUSE** | JUSTICE WILL T. SCOTT HEREBY RECUSES HIMSELF FROM PARTICIPATION IN THIS CASE. (COPY OF RECUSAL ORDER MAILED CERTIFIED MAIL #7010 2780 0002 9989 7113) |
| 5 | 5/13/2014 | LETTER TO GOVERNOR TO APPOINT SPECIAL JUSTICES: **SPGOV** | PURSUANT TO SECTION 110(3) OF THE CONSTITUTION, NOTICE SENT TO GOVERNOR STEVE BESHEAR CERTIFYING THE RECUSALS OF CHIEF JUSTICE JOHN D. MINTON, JR. AND JUSTICE WILL T. SCOTT. (COPY OF LETTER TO GOVERNOR MAILED CERTIFIED MAIL #7010 2780 0002 9989 7120) |
| 6 | 5/15/2014 | NOTICE OF CERTIFICATION-ORG. ACTION: **NC** | |
| 7 | 5/19/2014 | APPEAL FROM ORIGINAL ACTION FILED: **AF** | APPELLANT BRIEF FILED. *TIMELY FILED PURSUANT TO CR 76.40 (2) BY UPS* **(Due Date: 7/18/2014)** |

| | | | |
|---|---|---|---|
| 8 | 6/12/2014 | MISCELLANEOUS MOTIONS: MM | APPELLEE FILED MOTION TO SUBSTITUTE COUNSEL. (RECEIPT LETTER MAILED CERTIFIED MAIL #7010 2780 0002 9989 7182) **(Due Date: 6/25/2014)** |
| 9 | 6/16/2014 | MISCELLANEOUS MOTIONS: MM | APPELLANT FILED NOTICE OF RE-CERTIFICATION. (RECEIPT LETTER MAILED CERTIFIED MAIL #7010 2780 0002 9989 7199) **(Due Date: 6/25/2014)** |
| 10 | 6/16/2014 | EXECUTIVE ORDER APPOINTING SPECIAL JUSTICES: **SPAPPT** | RECEIVED COPY OF EXECUTIVE ORDER 2014-465 FROM GOVERNOR STEVEN L. BESHEAR APPOINTING HON. NORMAN E. HARNED, BOWLING GREEN, KY, AND HON. PAUL W. BLAIR, MOREHEAD, KY, FOR THE PURPOSE OF HEARING AND DECIDING THIS CASE. (COPY OF EXECUTIVE ORDER MAILED CERTIFIED MAIL #7010 2780 0002 9989 7205) |
| 11 | 6/20/2014 | ** NOTE **: CK | TENDERED 5 COPIES OF APPELLEE'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR EXTENSION OF TIME TO FILE RESPONSE. |
| 12 | 6/25/2014 | SCHEDULE TO MOTION DOCKET: MS | NO RESPONSE FILED. |
| 13 | 6/25/2014 | SCHEDULE TO MOTION DOCKET: MS | NO RESPONSE FILED. |
| 14 | 7/2/2014 | MISC MOTION ORDER: OM | ORDER GRANTING APPELLEE'S MOTION TO SUBSTITUTE HONORABLE S. TRAVIS MAYO AND JESSICA R.C. MALLOY, ASSISTANT ATTORNEYS GENERAL, IN PLACE OF HONORABLE NICOLE H. PANG AND CLAY A. BARKLEY, ASSISTANT ATTORNEYS GENERAL, AS COUNSEL OF RECORD FOR THE APPELLEE IN THE ABOVE-STYLED ACTION. MAILED CERTIFIED MAIL # 70102780000299897250 TO AMY MISCHLER. |
| 15 | 7/2/2014 | MOTION TO DISMISS: MD | HONORABLE ROBERT MCGINNIS, FILED MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR EXTENSION OF TIME TO FILE HIS RESPONSE BRIEF. MAILED CERTIFIED MAIL # 70102780000299897250 TO AMY MISCHLER. **(Due Date: 7/14/2014)** |
| 16 | 7/14/2014 | RESPONSE TO MOTION TO DISMISS: ZD | APPELLANT FILED RESPONSE TO DENY MOTION TO DISMISS OR ALLOW FOR EXTENSION OF TIME TO FILE RESPONSE BRIEF. (RECEIPT LETTER MAILED CERTIFIED MAIL #7010 2780 0002 9989 7274) |
| 17 | 7/14/2014 | SCHEDULE TO MOTION DOCKET: MS | |

# Litigant Information

| Description | Primary | Name | Seq # |
|---|---|---|---|

| Appellant | Y | AMY MISCHLER | 1 |
| Appellee | Y | HON ROBERT MCGINNIS SPECIAL JUDGE, PIKE COUNTY CIRCUIT COURT | 2 |

# Party Attorneys

| Attorney Name | Party Name | Type |
|---|---|---|
| MALLOY JESSICA R.C. | MCGINNIS ROBERT | Appellee |
| MAYO STEVEN TRAVIS | MCGINNIS ROBERT | Appellee |
| MISCHLER AMY JERRINE | MISCHLER AMY | Appellant |

# Circuit Information

| County | Case # | Div | Court # | Judgment Date | Judge Name |
|---|---|---|---|---|---|
| FROM COURT OF APPEALS (122) | 02-D-00202 | CI | 1 | 2/18/2014 | HON ROBERT MCGINNIS |
| FROM COURT OF APPEALS (122) | 02-D-00202-003 | CI | 1 | 2/18/2014 | HON ROBERT MCGINNIS |

# Associated Supreme Cases

| Case # |
|---|
| 0 results |

# Associated Other Cases

| Case # |
|---|
| 2014-CA-001302 |